**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1986
_____

VINCENT PISCIOTTA,

Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-24-cv-04470)
District Judge: Honorable Karen M. Williams

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 3, 2024
Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: December 9, 2024)

_____

PER CURIAM

Pro se appellant Vincent Pisciotta appeals from an order of the United States District Court for the District of New Jersey denying his petition brought pursuant to 28 U.S.C. § 2241. For the following reasons, we will affirm the District Court's order.

In 2013, Pisciotta and two other men were convicted of arson and related charges under 18 U.S.C. §§ 371, 844(h), and 844(i). *United States v. Anderson*, 783 F.3d 727, 734 (8th Cir. 2015). Specifically, Pisciotta was found to have aided the named defendant in that case, Anderson, in burning down Anderson's struggling Kansas City–based restaurant, Hereford House. *Id.* at 736–37. After a jury trial, Pisciotta was sentenced to a term of imprisonment of 20 years, and his sentence was affirmed on appeal. *Id.* at 734.[1]

In April 2024, Pisciotta, now incarcerated at FCI–Fort Dix in New Jersey, filed a habeas petition under 28 U.S.C. § 2241 which challenged the statutory basis of the Bureau of Prison's determination that he was ineligible for good time credits under the First Step Act ("FSA"). He asserted, inter alia, that the exclusion of "ineligible offenses," including

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Following his conviction and direct appeal, Pisciotta sought relief under 28 U.S.C. § 2255, first in the District Court for the Western District of Missouri and then on appeal to the Eighth Circuit, but was denied. *See generally Pisciotta v. United States*, No. 16-3977, 2017 WL 5157748 (8th Cir. Mar. 1, 2017). Pisciotta then petitioned for relief under 28 U.S.C. § 2241 in the Northern District of Texas; that petition was dismissed, and the Fifth Circuit affirmed. *See generally Pisciotta v. Harmon*, 748 F. App'x 634 (5th Cir. 2019).

his convictions under 18 U.S.C. §§ 844(h) & (i) for arson and the use of fire or explosives in commission of a felony, amounted to both an ex post facto punishment when applied to him particularly, and a violation of similarly situated prisoners' due process rights generally.

Pursuant to Habeas Corpus Rule 4, the District Court denied Pisciotta's petition sua sponte after determining it failed to state a basis for relief. In rejecting Pisciotta's arguments, the District Court noted that the FSA's good time credit provision did not impose a punishment, but rather created a benefit, for an enumerated class of prisoners. The District Court further concluded that the list of ineligible offenses satisfied rational basis scrutiny based on the risk they create to the public, or their particularly heinous nature.

We review de novo the District Court's denial of Pisciotta's petition under § 2241. We will affirm on the District Court's own reasoning. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

In relevant part, the FSA provides that a "prisoner is ineligible to receive time credits ... if the prisoner is serving a sentence for a conviction" of an ineligible offense. 18 U.S.C. § 3632(d)(4)(D). The Act then provides a list of offenses that render a prisoner ineligible for earned time credits, including convictions under "Subsection (f)(3), (h), or (i) of section 844, relating to the use of fire or an explosive." 18 U.S.C. § 3632(d)(4)(D)(xix). Pisciotta was convicted under 18 U.S.C. §§ 844(h) & (i), and therefore he is ineligible to earn good time credits under the plain text of the Act. *Id.*; *see also Anderson*, 783 F.3d at 734.

On appeal, Pisciotta reiterates his claim that his exclusion from the FSA's Good Time Credit provision constitutes an ex post facto punishment and analogizes his situation

3

to that in *Weaver v. Graham*, 450 U.S. 24 (1981). His argument is misplaced. As *Weaver* explains, the Ex Post Facto Clause prohibits legislation that works to retroactively disadvantage offenders affected by the law. *Id.* at 29; *see also United States v. Siddons*, 660 F.3d 699, 704 n.4 (3d Cir. 2011). *Weaver* held that a state law that *restricted* offenders' prior ability to earn good time credits amounted to an ex post facto punishment, because it left the affected offenders in a worse position than they had been prior to the law's enactment. *Weaver*, 450 U.S. at 33–36. The FSA's impact on Pisciotta is manifestly different, because the FSA did not remove or otherwise restrict an exempt inmate's previously vested ability to earn good time credits, but instead excluded him from a new statutory scheme. *See Holmes v. Christie*, 14 F.4th 250, 258 (3d Cir. 2021) (citing *Garner v. Jones*, 529 U.S. 244, 250–51 (2000)); *see also Mickens-Thomas v. Vaughn*, 321 F.3d 374, 392 (3d Cir. 2003). In other words, while Pisciotta and other similarly excluded offenders did not benefit from the passage of the FSA, they were not disadvantaged, as the passage of the FSA left their expected sentences and potential good-time credits unchanged; as a result, the Ex Post Facto Clause is not implicated. *Jones*, 529 U.S. at 250–51.

Next, Pisciotta argues that the FSA's list of exempt crimes violates his right to equal protection of the laws and does not pass rational basis review. To establish an equal protection claim, "a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Disparate treatment of similarly situated, non-suspect classes is permissible so long as it is

"grounded on some reasonable policy." *Jamieson v. Robinson*, 641 F.2d 138, 142 (3d Cir. 1981).

Pisciotta's brief on appeal asserts that the list of ineligible offenses contained in the FSA was added to the bill at the last minute and alleges that the list of offenses exempt from the FSA's Good Time Credit provision is irrational, since many objectively serious offenses may nevertheless earn credits under the Act. However, under rational basis review, "courts are compelled … to accept a legislature's generalizations even when there is an imperfect fit between means and ends." *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 321 (1993). As the District Court correctly noted, a review of the list of ineligible offenses indicates that Congress chose to exempt certain serious crimes from the Act's benefit. Additionally, many of these ineligible offenses are either particularly heinous or create unique and unacceptable communal hazards. Even if Congress's list is arguably imperfect, it cannot be said to lack a rational basis, and as a result, Pisciotta has not shown a violation of his right to equal protection. *Id.*

Accordingly, we will affirm the District Court's order denying Pisciotta's petition.